IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DANIEL OSTRANDER, | § | |
| Plaintiff, | § § § | |
| v. | § § | 6:13-cv-360-RP |
| HAROLD KOSTECK, et al., | § § | |
| Defendants. | § § | |

**ORDER**

A jury trial was held in this case starting June 19, 2017, and ending with a verdict on June 22, 2017. At the close of Plaintiff's case, again before the case went to the jury, and again after the jury gave its verdict, Defendants in this case moved for judgment as a matter of law. Further, on June 26, 2017, Defendants filed an advisory informing the Court that they intended to renew that motion pursuant to Federal Rule of Civil Procedure 50(b), or, in the alternative, to move for a new trial pursuant to Federal Rule of Civil Procedure 59, and requested that the Court refrain from entering final judgment in this case until they had been afforded the opportunity to do so.

On July 5, 2017, Plaintiff filed five post-trial motions in this case: (1) a motion for entry of judgment, attorney's fees, and costs, (Dkt. 186); (2) a motion for relief from judgment, (Dkt. 187); (3) a motion for leave to file supplemental pleadings, (Dkt. 188); (4), a motion for declaratory judgment and motion to publish case; and (5) a motion for Court-ordered alternative dispute resolution. The Court will briefly address each of these motions.

1. **Motion for Entry of Judgment**

First, Plaintiff asks this Court to enter judgment in his favor and requests certain costs and expenses. However, Defendants have indicated to the Court that they intend to renew their motion for judgment as a matter of law pursuant to Rule 50(b) and requested that the Court delay entering

final judgment in this case until it rules on their motion. Pursuant to Rule 50(b), Defendants are allowed 28 days after the entry of judgment to file their renewed motion. In the interest of efficiency for both the Court and the parties, the Court will delay ruling on Plaintiff's motion, and not require a response from Defendants, until it has ruled on Defendants' renewed motion for judgment as a matter of law, or the time for such motion has passed.

### 2. Motion for Relief from Judgment

Second, Plaintiff moves this Court for relief from judgment related to the Court's order granting Teddy Beeman's motion for summary judgment for his claims of deliberate indifference and conspiracy based on his testimony at trial (Order, Dkt. 87). Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from an order because of mistake, inadvertence, surprise, excusable neglect; newly discovered evidence or fraud; because the judgment is void or no longer deserving of prospective application; or for any other reason justifying relief. Fed. R. Civ. P. 60(b); *Hill v. McDermott, Inc.*, 827 F.2d 1040 (5th Cir. 1987). "The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010).

Plaintiff suggests that the basis for his claim comes from newly discovered evidence—in particular, Mr. Beeman's testimony at trial. "Under Rule 60(b)(2), "[t]o succeed on a motion for relief from judgment based on newly discovered evidence, [the] law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom,* 340 F.3d 238, 257 (5th Cir. 2003)). Further, "[a] judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed

the result." *Id.* at 639–640. (quoting *Trans Mississippi Corp. v. United States*, 494 F.2d 770, 773 (5th Cir. 1974)).

Based on the Court's review of the order granting Mr. Beeman's motion for summary judgment and the relevant trial transcript, the Court finds that Plaintiff's requested relief is unwarranted. Mr. Beeman's trial testimony related to some of the very same documents and evidence already thoroughly addressed in the order on the motion for summary judgment. It is not clear that Mr. Beeman's testimony would have lead to a different result had it been submitted in opposition to Mr. Beeman's motion for summary judgment. Further, the Court finds that there is no other basis for granting Plaintiff relief under Rule 60(b).

### 3. Motion for Leave to File Supplemental Pleadings

Next, Plaintiff asks the Court for leave to file supplemental pleadings related to Warden Jimmy Smith, who testified at trial. Plaintiff argues that these claims relate back to his initial complaint pursuant to Federal Rule of Civil Procedure 15(d). Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). The purpose of Rule 15(d) "is to promote as complete an adjudication of the dispute between the parties as is possible." 6A Charles Alan Wright et al., Federal Practice and Procedure § 1504 (3d ed.). "Granting such a motion is within the discretion of the trial court." *Chemetron Corp. v. Bus. Funds, Inc.*, 682 F.2d 1149, 1193 (5th Cir.1982), *vacated on other grounds*, 460 U.S. 1007 (1983). That discretion is to be guided by several factors: (1) undue delay, (2) bad faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Id.* at 1194.

3

First, Plaintiff requests to supplement his existing claims based on Warden Smith's testimony regarding his involvement. Because Rule 15(d) provides for supplementation only based on claims arising after the complaint was filed, the Court must deny this request.

Second, Plaintiff asks to supplement his complaint based on an alleged retaliatory assault that took place on June 18, 2017 and at Warden Smith's direction. Although these claims did arise after Plaintiff's complaint was filed, the Court declines to exercise its discretion to allow Plaintiff to file a supplemental pleading related to this allegation. Warden Smith has never been a named defendant in this lawsuit, there has already been a trial in this case, and Plaintiff's allegations only tangentially relate to the present action. To allow supplemental pleadings regarding an alleged assault on June 18, 2017, would substantially delay the final resolution of the claims that have been pending in this case for more than three years. To the extent Plaintiff wishes to seek relief associated with the alleged assault, he may do so by filing a new complaint.

### 4. Motion for Declaratory Judgment and to Publish Case

Fourth, Plaintiff requests that the Court "issue a Declaratory Judgment, as in Plaintiff's Original Complaint in the 'RELIEF' section," and requests that this Court publish this case. (Pl.'s Mot. Decl. J., Dkt. 189, at 1). The relief section of Plaintiff's complaint requests: (a) an injunction related to two Defendants that have been dismissed from this case; (b) compensatory damages; (c) punitive damages; (d) attorney's fees, litigation expenses, and court costs, and (e) other relief to which it may appear Plaintiff is entitled. (*See* Compl., Dkt. 1, at 38–39). Given that there is no declaratory relief specifically requested in Plaintiff's complaint, the Court will deny Plaintiff's motion for such relief without prejudice to refiling.

Turning to Plaintiff's motion to publish this case, opinions or orders, rather than entire cases, are typically selected for publication. It appears as though Plaintiff is either requesting that every opinion in this case, or the final judgment in this case, be published. The Court declines to

grant this request. It notes, however, the even opinions and orders that are not identified by the Court for publication are often made available by online legal research providers.

### 5. Motion for Court-Ordered Alternative Dispute Resolution

Finally, Plaintiff requests that this Court order alternative dispute resolution between the parties regarding Plaintiff's motion for relief from judgment, Plaintiff's motion for leave to file supplemental pleadings, and Plaintiff's motion for declaratory judgment and to publish case. Because the Court has already addressed each of these motions, the Court will deny Plaintiff's motion without prejudice to refiling.

Based on the forgoing, the Court **ORDERS** that Plaintiff's Motion for Entry of Judgment, Attorney's Fees, Court Costs, and Litigation Expenses, (Dkt. 186), be **HELD IN ABEYANCE** until the Court has ruled on Defendants' Renewed Motion for Judgment as a Matter of Law or the time for such motion has passed.

Further, the Court **ORDERS**:

- Plaintiff's Motion for Relief from Judgment, (Dkt. 187), is **DENIED**;

- Plaintiff's Motion for Leave to File Supplemental Pleadings, (Dkt. 188), is **DENIED**;

- Plaintiff's Motion for Declaratory Judgment is, (Dkt 189), is **DENIED WITHOUT PREJUDICE**; and

- Plaintiff's Motion for Court Ordered Alternative Dispute Resolution, (Dkt. 190), is **DENIED WITHOUT PREJUDICE**.

**SIGNED** on July 7, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE