IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DANIEL OSTRANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 6:13-cv-360-RP |
| HAROLD KOSTECK, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Court Order Initiating Federal Criminal Probe

Against State Attorney General's Office; Motion for Court Order Initiating State and Federal

Criminal Charges Against Defendant's Kosteck, Kelly, and Yarbrough, for Their Criminal

Assaults/Excessive Uses of Force Against Plaintiff/Constitutional Violations; and Motion for

Appointment of Counsel for Rule 15(d) Federal Rules of Civil Procedure Claims to be Filed Against

State Attorney General Ken Paxton, Assistant Attorney Generals Jeffrey Mateer, Brantley Starr,

James Davis, Lacey Mase, Chistopher Lindsey, and Christin Vasquez, and Various State Notory [sic]

of Public Officials (Dkt. 194).

First, Plaintiff requests that the Court initiate criminal actions against three of the defendants

in this case. The Court has no authority to order state or federal authorities to undertake a criminal

investigation or file criminal charges. In addition, Plaintiff has no constitutional right to have

someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Second, although it is somewhat unclear, it appears that Plaintiff requests that the Court

initiate criminal actions against several individuals in the state attorney general's office, or, in the

alternative, appoint him counsel so that he may file supplemental pleadings regarding alleged

violations of his constitutional rights by these individuals. As the Court already stated, it has no

authority to initiate criminal investigations, thus it cannot do so here. With respect to Plaintiff's request for appointment of counsel, as the Court has explained in prior orders, "[a]bsent exceptional circumstances, there is no automatic right to appointment of counsel in a civil rights case." *Wendell v. Asher*, 162 F .3d 887, 892 (5th Cir. 1998). The decision to appoint counsel is based on many factors, including: (i) the type and complexity of the case; (ii) the plaintiff's ability adequately to present and investigate his case; (iii) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and (iv) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by "shortening the trial and assisting in a just determination." *Cooper v. Sheriff, Lubbock Cty.*, 929 F.2d 1078, 1084 (5th Cir.1991 ); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The Court finds that it is unlikely that it would allow Plaintiff to file the supplemental pleading suggested by his motion, thus the appointment of counsel to assist with such pleadings would provide little utility to the Court or the parties. Further, Plaintiff has thoroughly demonstrated the ability to adequately represent himself.

In light of the forgoing, the Court **DENIES** Plaintiff's Motion (Dkt. 194).

**SIGNED** on July 13, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE