IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
MAY 14 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

| | | |
|---|---|---|
| DANIEL OSTRANDER, | § | |
| Plaintiff, | | |
| Vs. | § | CIVIL ACTION No.6:13-CV-0360-RP |
| HAROLD KOSTECK, ET AL., | § | |
| Defendant's. | | |

## PLAINTIFF'S WRIT OF EXECUTION
## AND DECLARATION IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Daniel Ostrander states:

### BACKGROUND

Plaintiff Daniel Ostrander filed this suit under 42 U.S.C. § 1983, alleging violations of his civil rights during his incarceration at the Hughes Unit of the Texas Department of Criminal Justice ("TDCJ"). A jury trial was held June. 19th, through 22nd, 2017. Plaintiff's claims of excessive force and retaliation against Defendant's Harold Kosteck, John Kelly, Kenneth Taylor, Michael Kluck, Robert Preston, and Michael Yarbrough were sent to the jury. The jury issued the following damages against said Defendant's:

| COMPENSATORY DAMAGES | | PUNITIVE DAMAGES | |
|---|---|---|---|
| Defendant Preston | $1,500.00 | Defendant Preston | $1,500.00 |
| Defendant Yarbrough | $500.00 | Defendant Yarbrough | $500.00 |
| Defendant Taylor | $250.00 | Defendant Taylor | $250.00 |

1.

| Defendant Kosteck | $1,000.00 | Defendant Kosteck | $1,000.00 |
| Defendant Kelly | $750.00 | Defendant Kelly | $750.00 |
| Defendant Kluck | $1,000.00 | Defendant Kluck | $1,000.00 |

(see Doc.184 for complete Verdict)

Following the trial on July. 18th, 2017 Defendant's filed their Renewed Motion for Judgment as a Matter of Law; Plaintiff responded; and on October. 4th, 2017 the Court issued its Order Denying Defendant's motion in all respects. (Doc.199, 203, and 205 respectively)

Although the Court's Order (Doc.205) filed October. 4th, 2017 was a Final Order leaving nothing for the Court to do but enforce the judgment, Defendant's sat idly by allowing over 6 months to pass, never filing any notice of appeal nor paying the judgment described above.

On April. 4th, 2018 Defendant's filed their Motion for Extension of Time to File Notice of Appeal; and on April. 9th, 2018 Plaintiff filed his Objections to same showing that Defendant's Motion was filed outside of the prescribed time period and never offering any "good faith" reasons for their delay of over 6-months to file their Notice of Appeal. (Both Motions pending)

In support of their Motion for Extension of Time to File Notice of Appeal, state to the Court that they are currently attempting to settle the Court's judgment "in good faith".

Plaintiff hereby declares, in no uncertain terms that Defendant's are not acting "in good faith" to settle this Court's Judgment, for the fact that Allred Unit prison staff forced Plaintiff

2.

to sign Defendant's "Settlement Agreement" on March. 29th, 2018 under duress of threats, (see Doc.215), Defendant's audio / video recording this signing event, yet collectively arranged to have Allred Unit prison staff to place the audio / video recorder so that Defendant's Counsel could be audio / video recorded, yet Plaintiff "could not be audio recorded", and only "video record-ed" signing the document as the March. 29th, 2018 audio/ video recording will show. (see ATTACHMENT'S 1 & 2, hereto)

Further, during this "event" Plaintiff continually requesting to speak with the Senior Warden, and the audio / video recording will show asmuch as Defendant's Counsel can be heard assuring Plaintiff that his legal documents would be returned to him and that the Senior Warden would be "personally" placed on notice that Plaintiff requested to speak with him. (see ATTACHMENT-2)

Plaintiff filed his Judicial Notice (Doc.215) on March. 29th, 2018 describing to the Court of these events, in which Defendants deny, collectively deceiving this Court by directing the Court to their Audio / Video Recording for "proof", yet upon this Court's review of same, will actually "prove" Plaintiff's statements de-scribing these events are "true", and Defendant's "are not" by any means acting in good faith to settle this case with Plain-tiff. (ATTACHMENT-2)

To date Defendant's refuse to return Plaintiff's legal docu-ments to him relevant to this lawsuit (and another case), for no other reason than to retaliate, intimidate, frustrate and obst-ruct Plaintiff's pro se litigation in this case.

On April. 20th, 2018 Defendant's sent Plaintiff her proposed Compromise Settlement Agreement and Complete Release and Waivor of All Claims document ("Settlement / Agreement") which by my signature, agrees that quote:

> "Ostrander further acknowledges that he has been
> informed and understands that no one has made any
> promises or guarantees as to how long the State of
> Texas settlement approval will take....." (see ATTACHMENT
-3, at pages.2-3, hereto)

This unlimited time frame is an act made in bad faith, is un-acceptable to Plaintiff, and is nothing less than another stall tactic to avoid honoring this Court's judgment against them as ordered.

Additionally, Plaintiff had previously informed Defendant's Counsel in writing, and in no uncertain terms, that he would not sign any Settlement documents in this lawsuit that contained any language that would have any effect or bearing on his claims raised and stated in Ostrander v. Lindsey, et al., Civil Action No. 6:17-CV-258-RP pending before this Court, which in fact "did arise during and relevant to the litigation and trial in the case at bar, yet her Settlement / Agreement is riddled with language that would in fact bar Plaintiff from pursuing the constitutional violations inflicted unto him in Ostrander v. Lindsey, and for this reason alone prevents Plaintiff from signing Defendant's proposed "Settlement / Agreement". (see ATTACHMENT-3 hereto)

Defendant's knowingly submit their proposed Settlement / Agree-ment in a deceptive, bad faith manner, to delay final adjudicat-ion of this case.

Be it remembered that Plaintiff, acting in good faith, had previously offered to settle Ostrander v. Lindsey, in connection with the settlement in the case at bar, at practically no further expense to the State of Texas, the taxpayer, and this Court's judicial time and expense, collectively terminating Plaintiff's litigation in this Court, yet Defendant's Counsel ignore Plaintiff's offer, and instead attempt to manipulate him into literally "sign away" his claims in Ostrander v. Lindsey, acting in a manipulative deceptive nature. (see ATTACHMENT-3, hereto)

Additionally, Defendant's proposed "Settlement / Agreement" states quote:

> "Ostrander acknowledges that he has the right to
> seek the advise of counsel relating to this Com-
> promise and Settlement Agreement, and that he
> has had the opportunity to exercise that right,
> whether or not he chose to do so". Unquote. (see ATTACH-

MENT-3, at page.4)

Plaintiff would choose to consult an attorney relevant to these matters if he had the opportunity, yet his court appointed counsel is no longer a party to this case, Plaintiff knows of no attorney's that will even consider taking on any prisoner cases under any circumstances since the Prison Litigation Reform Act has been enacted, and as Plaintiff is not allowed per TDCJ policy from initiating discovery in aid of execution of a monitary judg-ment to identify and locate individual Defendant's houses, bank accounts, State income and/or retirement wages that are subject to garnishment, it is these reasons Plaintiff requests the Court

5.

direct the United States Marshals Service to serve a copy of this
*Writ of Execution upon Defendant's Harold Kosteck, John Kelly,
Kenneth Taylor, Michael Kluck, Robert Preston, and Michael Yar-
brough, directing each Defendant to pay the full judgment, in-
cluding prejudgment and postjudgment interest as this Court's
Final Judgment Order (Doc.213) sets forth, within 30-days after
being served with a copy of this instrument.

The All Writ Act, 28 U.S.C. § 1651(a) permits federal court's
to "issue all writs necessary or appropriate in aid of their re-
spective jurisdictions", including orders "necessary or appro-
priate to effectuate and prevent the frustration of orders [the
court] has previously issued. U.S. v. New York Telephone Co.,
434 U.S. 159, 172, 98 S.Ct. 364 (1977).

Plaintiff requests the Court invoke Rule. 70(a), Fed.R.Civ.P.,
against Defendant's which provides that if a party fails to per-
form a specific act required by a judgment, the Court "may order
the act be done-at the disobedient party's expense- by another
person appointed by the Court". Gilbert v. Johnson, 490 F.2d
827, 829-30 (5th Cir.1974); Gary W. v. State of La., 622 F.2d
804, 806 (5th Cir.1980);(citing Gates v. Collier, 616 F.2d 1268,
((5th Cir.1980)).

Plaintiff further declares that there exists language contain-
ed within Defendant's proposed Settlement Agreement that is

---

* As previously stated, Allred Unit prison Capt.Adkins retains
Plaintiff's copy of this Court's Final Judgment Order (Doc.213),
thus Plaintiff respectfully request the Court provide a copy of
same for the service of this Writ.

6.

beyond his legal comprehension and ability to act on thus, for all the reasons above Plaintiff requests the Court appoint counsel to represent him in these matters and has submitted his motion for same herewith.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant this Writ for Execution, directing service upon Defendant's as named above, to be completed by the U.S. Marshals Service at Defendant's expense with appropriate and necessary Court Orders in support of same.

Pursuant to 28 U.S.C. § 1746, I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct to the best of my knowledge and memory.

Signed this _____9th_____, day of ____May_____, 2018.

Respectfully Submitted,

Daniel Ostrander,
Plaintiff, Pro Se.

## CERTIFICATE OF SERVICE

I, Daniel Ostrander, do hereby certify that a true and correct copy of the foregoing has been served by my placing same in the

United States Mail, postage prepaid, on this 9th day of May.2018,

addressed to:

    Christin Cobe Vasquez / Heather Rhea
    Assistant Attorneys General
    P.O. Box 12548
    Austin, Texas.78711

                          Daniel Ostrander,
                          Plaintiff, Pro Se.


                          Daniel Ostrander #1777095
                          Allred Unit
                          2101 FM 369 N.
                          Iowa Park, Texas.76367

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

DANIEL OSTRANDER,              §
                Plaintiff,
Vs.                           §   CIVIL ACTION No.6:13-CV-360-RP

HAROLD KOSTECK, ET AL.,        §
                Defendant's.

## PLAINTIFF'S ATTACHMENT-1

[ATTACHMENT-1] is the March. 29th, Compromise and
Settlement Agreement and Release of All Claims Waivor
document, produced by Defendant's Counsel, and signed
by Plaintiff under duress.

March 29, 2018

Re: **Daniel Ostrander v. Harold Kosteck, et a., Cause No. 6:13-cv-360, In the United States District Court for the Western District of Texas, Waco Division**

On March 29, 2018, Plaintiff Daniel Ostrander and Assistant Attorneys General Heather Rhea and Christin Vasquez, on behalf of Defendants, met to negotiate a settlement in the above referenced case. Mr. Ostrander and Texas Department of Criminal Justice agree to the following:

1. Plaintiff Ostrander agrees to accept a settlement payment of $11,100 from the Texas Department of Criminal Justice. In return Plaintiff agrees to the following:

   a. Plaintiff Ostrander agrees that the Compromise and Settlement Agreement and Release and Waiver of All Claims will not admit liability on behalf of Defendants Harold Kosteck, Kenneth Taylor, John Kelly, Michael Yarbough, Michael Kluch, and Robert Preston or any other Defendant ever named in the lawsuit.

   b. Plaintiff Ostrander agrees that there will be no language or acknowledgment of punitive damages awarded to him by a jury or otherwise in the Compromise and Settlement Agreement and Release and Waiver of All Claims.

   c. Plaintiff Ostrander agrees to voluntarily dismiss the above referenced case with prejudice and withdraw the final judgment upon execution of the Compromise and Settlement Agreement and Release and Waiver of All Claims.

   d. The Compromise and Settlement Agreement and Release and Waiver of All Claims will be provided to Plaintiff within approximately 120 days for review, consideration, and signature.

_____
Daniel Ostrander, Plaintiff

Date 3/29/18

_____
Heather Rhea, Counsel for Defendants

Date 03/29/2018

_____
Witness  Christin Cobe Vasquez

Date 3/29/2018

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

DANIEL OSTRANDER,                    §
                 Plaintiff,
Vs.                                  §   CIVIL ACTION No.6:13-Cv-360-RP

HAROLD KOSTECK, ET AL.,              §
                 Defendant's.

## PLAINTIFF'S ATTACHMENT-2

[ATTACHMENT-2] is the Audio / Video Recording
created by Defendant's Counsel on March. 29th,
2018 showing Plaintiff signing ATTACHMENT-1,
and Audio Recording Defendant's Counsel, yet
intentionally failing to Audio Recording any-
thing Plaintiff was saying during these events.



OFFICE OF THE ATTORNEY GENERAL
Law Enforcement Defense Division

CONFIDENTIAL

CONFIDENTIAL

*Ostrander v Kosteck, et al.*
USDCWD 6:13-cv-360
March 29, 18 Legal Visit with AAGs and Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

DANIEL OSTRANDER,                    §
                Plaintiff,
Vs.                                  §   CIVIL ACTION No.6:13-CV-360-RP

HAROLD KOSTECK, ET AL.,              §
                Defendant's.


PLAINTIFF'S ATTACHMENT-3


[ATTACHMENT-3] is the Defendant's proposed
Compromise and Settlement Agreement and
Complete Release and Waivor of All Claims
document.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **DANIEL OSTRANDER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:13-CV-360** |
| | § | |
| **HAROLD KOSTECK, et al.,** | § | |
| *Defendants.* | § | |

## COMPROMISE AND SETTLEMENT AGREEMENT
## AND
## COMPLETE RELEASE AND WAIVER OF ALL CLAIMS

### I. STATEMENT OF THE CASE

In the instant lawsuit, Plaintiff claimed that in or about the year of 2012, Fullman and Barrow conspired to retaliate against him for the exercise of his First Amendment rights. He claimed that Preston orchestrated a retaliatory conspiracy for the exercise of Plaintiff's First Amendment rights. Plaintiff claimed that Yarbrough, Taylor, Kosteck, Kelly and Kluck, at the direction of Preston, used excessive force against him with the intent to retaliate for the exercise of his First Amendment rights. Plaintiff claimed that Kluck, in collusion with Beeman, was deliberately indifferent to his serious medical needs in the wake of a use of excessive force, with the intent to retaliate for the exercise of Plaintiff's First Amendment rights. Plaintiff claims that Kluck, Taylor and Adams, at the direction of Preston, filed false disciplinary charges against him, also with the intent to retaliate for the exercise of Plaintiff's First Amendment rights.

### II. DEFINITIONS

In this Agreement, it is agreed and understood that the following terms and phrases shall have the meaning indicated below:

A.   "The Lawsuit," as used herein, means the case known as <u>Daniel Ostrander v. Harold Kosteck, et al.</u>, Civil Action No. 6:13-CV-360, in the United States District Court for the Western District of Texas, Waco Division.

B.   "Ostrander," as used herein, means Daniel Glenn Ostrander, the Plaintiff in the Lawsuit, and means him, his heirs and assigns, his agents, his attorneys, and all other persons acting or purporting to act for or on his behalf, regardless of whether authorized to so act.

C.   "Defendants" as used herein, means Harold Kosteck, John Kelly, Michael Yarbrough, Kenneth Taylor, Michael Kluck, Robert Preston, Kimberly Adams, Vickie Barrow, Stephen Fullman and Teddy Beeman, and also includes the Texas Department of Criminal Justice and University of Texas Medical Branch, and any of their subdivisions, groups, sections and departments, as well as their past and present officials, officers, agents, employees, board, board members, and all other persons with authority to act on their behalf, in both such persons—official and individual capacities, and in such persons—heirs and assigns.

D.   The "State of Texas," as used herein, means the state and any of its agencies or subdivisions, its past and present officials, officers, agents, employees, their heirs or assigns and all other natural or legal persons with authority to act on its behalf.

E.   Unless the context otherwise requires, the masculine gender includes the feminine gender, and the singular number includes the plural number.

F.   Unless the context otherwise requires, the word "and" includes the word "or" and the word "or" includes the word "and."

### III. TERMS OF SETTLEMENT

In consideration of the mutual covenants set forth in this Compromise and Settlement Agreement, the parties agree to be bound and obligated by all of the terms and provisions of this Compromise and Settlement Agreement. Ostrander understands and agrees by his signature below that this Compromise and Settlement Agreement will be subject to the State of Texas settlement approval process, which requires approval by the Attorney General of Texas, the Comptroller of Texas and the Governor of Texas. Ostrander further acknowledges that he has been informed and understands that no one has made any promises or guarantees as to how long the State of Texas

settlement approval process will take or whether this Compromise and Settlement Agreement ultimately will be approved by the Attorney General of Texas, the Comptroller of Texas and the Governor of Texas.

If and only if the Attorney General of Texas, the Comptroller of Texas and the Governor of Texas approve this Compromise and Settlement Agreement, then and only then will the settlement amount set forth in Section VI be delivered as set forth in Section VIII. Upon delivery of the settlement amount, the Defendants shall be entitled to file a stipulation of dismissal of the Lawsuit with prejudice pursuant to FED. R. CIV. P. 41(a). Ostrander understands and agrees that the stipulation of dismissal of the lawsuit shall be with prejudice.

## IV. COMPLETE RELEASE AND WAIVER OF ALL CLAIMS

Ostrander agrees to settle all claims against Defendants, including but not limited to all physical and mental injuries, as well as all claims for attorney's fees and costs arising from this Lawsuit, and further agrees to the withdrawal of the Final Judgment entered in this case on March 5, 2018 (Dkt. No. 213) in exchange for consideration in the total amount of **$11,100.00**, made payable to Ostrander.

Upon delivery of the settlement amount, the Defendants shall be entitled to file an agreed motion to withdraw the Final Judgment and a stipulation of dismissal of the lawsuit with prejudice pursuant to FED. R. CIV. P. 41(a). Ostrander agrees to completely release and forever discharge the Defendants and the State of Texas from any and all claims, charges, suits, demands, damages, actions, causes of action, liabilities, expenses, costs, and attorney's fees, of whatever kind or whatever nature, which have arisen or may arise in connection with or by reason of any and all incidents and occurrences alleged in the Lawsuit. Ostrander further agrees not to institute any new

proceedings or pursue any contemplated or pending proceedings in any state or federal court, including appeals, before any state or federal administrative or regulatory agency against the Defendants, the State of Texas, or any individuals in their official or individual capacities, connected with the incidents or occurrences which have arisen or may arise, whether now known or unknown, alleged in the Lawsuit.

Ostrander hereby warrants that he clearly understands the terms, conditions and legal effect of his execution of this Compromise and Settlement Agreement and this Complete Release and Waiver of All Claims. Ostrander acknowledges that he has the right to seek the advice of counsel relating to this Compromise and Settlement Agreement, and that he has had the opportunity to exercise that right, whether or not he chose to do so. Ostrander represents and understands that no promises, inducements, or anything of value other than the settlement payment described herein has been offered to him to induce him to enter into this in this Compromise and Settlement Agreement. Ostrander understands that the consideration herein provided is all of the money or other consideration that will ever be provided to him by the Defendants and the State of Texas as a result of the incidents and occurrences which have arisen or may arise, whether now known or unknown, in connection with the Lawsuit.

## V. NO ADMISSION OF LIABILITY

This Compromise and Settlement Agreement is executed by the Defendants and Ostrander for the sole purpose of compromising and settling the matters as have arisen or may arise in connection with or by reason of the incidents and occurrences alleged in the Lawsuit. Ostrander expressly understands and agrees, as a condition hereof, that this Compromise and Settlement Agreement shall not constitute or be construed as an admission on the part of the Defendants or

the State of Texas to any charges, lawsuits, causes of action, damages, liabilities, expenses, costs and attorney's fees or as evidence of, or indication of, any degree of admission of truth or correctness of any claims asserted by Ostrander in connection with or by reason of the incidents and occurrences which have arisen or may arise, whether now known or not known, as alleged in the lawsuit.

## VI. EFFECT OF AGREEMENT

Ostrander understands that the terms and provisions of this Compromise and Settlement Agreement were agreed to as a compromise to avoid time and expense, and to forever terminate all controversies, charges, or claims of whatsoever kind and whatsoever nature, including but not limited to any and all suits, claims, charges, all causes of action, damages, liabilities, expenses, costs and attorney's fees by Ostrander against the Defendants and the State of Texas and any and all individuals in both their official and individual capacities which have arisen or may arise, whether now known or unknown, as alleged in the lawsuit. Ostrander expressly agrees that upon delivery of a Texas State Warrant in the total amount of **$11,100.00**, made payable to Daniel Glenn Ostrander, an unopposed motion to withdraw the final judgment and a stipulation of dismissal of the lawsuit shall be filed pursuant to FED. R. CIV. P. 41(a). Ostrander further agrees that such dismissal shall be with prejudice. Ostrander further agrees that delivery of the settlement amount shall constitute a complete bar to any and all claims and suits for injuries or damages of any nature pursuant to federal or state common law or statutory law, attorney's fees, costs and interest in this suit, or for equitable relief resulting from the allegations contained in his Lawsuit, whether pending or contemplated. Ostrander further agrees and stipulates that he has made no previous assignment, pledge or other transfer of any claim hereby released. Ostrander further warrants and represents

that no liens or other encumbrances exist against the claims asserted herein.

## VII. ENTIRE AGREEMENT

The Defendants and Ostrander agree and each understands that this Compromise and Settlement Agreement, together with the Release and Waiver of All Claims, constitute the entire agreement between them.

## VIII. DELIVERY OF TEXAS STATE WARRANT

If the terms and provisions of this Compromise and Settlement Agreement are approved by the Attorney General, the Comptroller, and the Governor of Texas, and then issued, then the treasury warrant shall be delivered to Law Enforcement Defense Division of the Attorney General of Texas c/o Christin Cobe Vasquez, Assistant Attorney General, 300 West 15th Street, 7th Floor, Austin, Texas 78701-1220. Assistant Attorney General Vasquez or her designee shall then promptly deliver the settlement treasury warrant to Daniel Glenn Ostrander at his Texas Department of Criminal Justice unit of assignment. Receipt by the Texas Department of Criminal Justice constitutes delivery of the payment amount set forth herein.

## IV. SIGNATURES

In order to amicably settle the lawsuit, I, Daniel Glenn Ostrander, have freely and voluntarily agreed upon a full and final settlement and compromise of my lawsuit and all potential or contemplated causes of action, damages, liabilities, expenses, costs and attorney's fees as alleged in my lawsuit, whether heretofore or hereafter accruing and whether now known or unknown to me. I further warrant I fully understand all of the terms and provisions of this Compromise and Settlement Agreement. I understand that by my signature below I expressly agree to and understand all of the terms and provisions in this Compromise and Settlement Agreement

and Waiver of All Claims.

**AGREED**:

_____     _____
**DANIEL GLENN OSTRANDER**                                 **DATE**
**Plaintiff**


      **SUBSCRIBED** and **SWORN** to before me on this the ____ day of _____,
2018.

                    _____
                    NOTARY PUBLIC, STATE OF TEXAS

                    _____
                    Notary's Printed Name

                    _____
                    Date Commission Expires:


_____
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Attorney for Defendants

Daniel Ostrander #1777095
Allred Unit
2101 FM 369 N.
Iowa Park, Texas. 76367

Clerk,
U.S. DISTRICT COURT
United States Courthouse
800 Franklin Avenue, Room 380
Waco, Texas. 76701

May. 9th, 2018.

RE: OSTRANDER v. KOSTECK, ET AL.,
    Civil Action No. 6:13-CV-0360-RP

Dear Clerk:

Enclosed please find "Plaintiff's Writ of Execution with Declaration in Support", and "Plaintiff's Motion For Appointment of Counsel" (w/Declaration & Brief in Support), for the filing in your office among the papers in the above numbered cause.

By copy of this letter, I am forwarding a copy of same to Defendant's Counsel of Records.

Please indicate the date of filing on the enclosed copy of this letter, and return in the SASE enclosed.

Thank you for your kind assistance in these matters.

Sincerely,

Daniel Ostrander,
Plaintiff, Pro Se.

Orig: Clerk
cc  : Encl.
cc  : C.C.V. / H.R.
cc  : File.

Daniel Ostrander #1777095
Allred Unit
2101 FM 369 N.
Iowa Park, Texas. 76367

("LEGAL MAIL")



CLERK,
U.S. DISTRICT COURT
United States Courthouse
800 Franklin Avenue, Room 380
Waco TX 76701